Villager Capital Advisors, LLC v Union Settlement Assn., Inc. (2021 NY Slip Op 04003)





Villager Capital Advisors, LLC v Union Settlement Assn., Inc.


2021 NY Slip Op 04003


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Index No. 450962/18 Appeal No. 14103 Case No. 2020-03670 

[*1]Villager Capital Advisors, LLC, Plaintiff-Appellant-Respondent,
v
Union Settlement Association, Inc., et al., Defendants-Respondents-Appellants.


Law Office of Sean M. Kemp, Rhinebeck (Sean M. Kemp of counsel), and Marvin and Marvin, PLLC, Rhinebeck (John R. Marvin of counsel), for appellant-respondent.
Goldstein Hall, PLLC, New York (Brian J. Markowitz of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 20, 2020, which denied plaintiff's motion for summary judgment on its breach of contract claim and denied defendants' cross motion for summary judgment to the extent it sought dismissal of the claims for breach of contract and account stated, unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.
Plaintiff commenced this action, seeking $104,001.78 in unpaid commission for the sale of two HDFCs and their assets; (ii) interest on the judgment at the rate of the full commission of $286,249 from January 31, 2018 to February 26, 2018; and (iii) interest on the unpaid balance from February 26, 2018. Plaintiff moved for summary judgment on its breach of contract claim, arguing that the term "gross sale price" in the brokerage agreement is unambiguous and means the total value of the sale, which includes assumed debt and cash payment. Defendants opposed and cross-moved for summary judgment dismissing the complaint on the basis, among others, that "gross sale price" means only the cash payment portion of the purchase price.
"[A]greements are construed in accord with the parties' intent" and "[t]he best evidence of what parties to a written agreement intend is what they say in their writing" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Under the plain and unambiguous meaning of the term, the gross sale price includes the value of assumed debt, in addition to the cash payment made by the buyer in exchange for the purchase. To apply a different interpretation would negate the unambiguous language in the agreement (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 66 [1st Dept 2008]). Defendants are simply attempting to rewrite the term "gross sale price" (see id. at 67).
Contrary to defendants' argument, the claim for breach of contract should not have been dismissed as against the HDFC defendants on the basis that they were not in privity with either party to the brokerage agreement (i.e., plaintiff and defendant Union Settlement Association, Inc.). Although the HDFCs did not sign the brokerage agreement, Union Settlement Association, Inc. represented in the agreement that it sought to sell all of its interest in the project, including 100% ownership of the HDFCs along with all of the interests and assets held by the HDFCs. Thus, the HDFCs were
intended third-party beneficiaries of the brokerage agreement (see Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]).
In light of the forgoing, plaintiff's account stated claim is academic. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021